## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| HEATHER BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:14-CV-1631 RLW |
| | ) | |
| v. | ) | |
| | ) | |
| GOLDEN STATE FOODS CORP. and | ) | |
| DAVID LAX, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendants' Motion for Protective Order Regarding

Plaintiff's First Amended Notice of Videotaped Deposition Duces Tecum of Fred Semke and

Memorandum in Support (ECF No. 32). This matter is fully briefed and ready for disposition.

## DISCUSSION

**I.       Deposition of Fred Semke**

A. Standard for a Motion for Protective Order

Federal Rule of Civil Procedure 26 provides "parties may obtain discovery regarding any

matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P.

26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears

reasonably calculated to lead to the discovery of admissible evidence." *Id.* "The rule vests the

district court with discretion to limit discovery if it determines, inter alia, the burden or expense

of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*,

352 F.3d 358, 361 (8th Cir. 2003)(citing Fed.R.Civ.P. 26(b)(1)); *see also* Fed.R.Civ.P. 45(c)

(authorizing the court to ensure a party responsible for the issuance and service of a subpoena

takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena); *In re Missouri Dep't of Natural Res.*, 105 F.3d 434, 435 (8th Cir. 1997) ("The management of discovery is committed to the sound discretion of the trial court. The scope of our review of discovery orders is both narrow and deferential.") (citations omitted).

B. Discussion

In Defendants' Motion, they ask the Court to decide (1) whether Mr. Semke is required to produce personal and corporate financial information, and (2) if ordered to produce this information, whether it may be done confidentially. (ECF No. 36 at 1).[1] Specifically, Plaintiff asks for the following documents:

9. All 1099, W-2, checks, tax returns, accounting statements, income statements evidencing income from legal cases, lawsuits, claims or representation of insurance companies, insurance claims for the past five years.

10. Copies of any federal disclosures over the past five years regarding any case testified in, worked on or income for the past five years.

11. Any and all 1099, checks, tax returns, income from Baty, Holm, Numrich & Otto P.C. and Travelers Insurance or any agents or affiliates of Travelers Insurance.

12. Plaintiff re-alleges each of the forgoing number 1 to 11 as applied to Semke Consulting, L.L.C. and any other billing entities.

Defendants argue that these requests are overbroad. Defendants state that Plaintiff "has no valid reason to obtain copies of Mr. Semke's business or personal financial information, or why his corporate tax returns produced confidentially would not suffice." (ECF No. 32 at 5).

---

[1] Plaintiff consented to a protective order pursuant to Fed. R. Civ. P. 26(b)(4)(B) and (C) as to the items requested in categories 1, 2, 3, 4, 5, 6, and 8 of Exhibit A to the Semke Notice of Deposition. *See* ECF No. 36 at 1; ECF No. 33, ¶4). The only issues that remain are with respect to categories 9, 10, 11 and 12 of Exhibit A to the Semke Notice of Deposition.

Defendants maintain that information to establish Mr. Semke's bias can easily be obtained through his deposition testimony. Defendants request an Order form the Court granting their Protective Order and striking the financial information sought in categories 9, 10, 11, and 12 of Exhibit A of the Amended Notice of Deposition. In the alternative, Defendants ask that production of any of Mr. Semke's financial information beyond that set forth in Rule 26(a)(2)(B) be marked confidential and only used for purposes of this litigation and not disclosed to anyone except the parties to this litigation. (ECF No. 32 at 5-6).

Plaintiff claims that she requests Mr. Semke's financial records to show his "bias and lack of professional objectivity." (ECF No. 33, ¶7). Plaintiff claims she needs to review all the financial records requested to confirm the total income of Mr. Semke and the fees he generates from testifying for insurance companies and law firms. Plaintiff notes that Mr. Semke has been named a "venal witness" by the Circuit Court of the City of St. Louis in *Brockman v. Lynch* (July 7, 2009). (ECF No. 33, ¶10; ECF No. 33-1).

Federal Rule of Civil Procedure 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Additionally, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b). Although this discovery standard is broader than the standard for admissibility, "this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir.1992).

The Court grants the motion for protective order, in part. The Court believes that Defendants' proposal to produce Mr. Semke's corporate tax returns, subject to a protective order, provides sufficient information to Plaintiff while not allowing a fishing expedition. The Court

believes that any other relevant information regarding bias can be obtained through Mr. Semke's deposition testimony. Further, Plaintiff has not demonstrated why the information sought in Mr. Semke's corporate tax records would be insufficient. The Court believes that the additional documents requested by Plaintiff are overboard and unnecessary, given Plaintiff's limited purpose of proving Mr. Semke's alleged bias.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Protective Order Regarding Plaintiff's First Amended Notice of Videotaped Deposition Duces Tecum of Fred Semke and Memorandum in Support (ECF No. 32) is **GRANTED**, in part. Mr. Semke shall produce copies of his corporate tax returns. Mr. Semke can produce these tax returns subject to a protective order that they be marked confidential and only used for purposes of this litigation and not disclosed to anyone except the parties to this litigation.

Dated this 16th day of October, 2015.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE