UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER BAILEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CV1631 RLW |
| ) | |
| GOLDEN STATE FOODS CORP. and ) | |
| DAVID LAX, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion in Limine to Strike the Expert Testimony of Fred Semke (ECF No. 54). This motion is fully briefed and ready for disposition.[1]

## I. BACKGROUND

Defendant David Lax was operating a tractor-trailer on behalf of Defendant Golden State Foods Corporation ("Golden State"). On or about May 7, 2013, Lax was involved in a vehicular accident with Plaintiff Heather Bailey in Wayne County, Missouri. Bailey alleges she suffered permanent and disabling injuries as a result of this accident. (ECF No. 1, ¶20). Bailey alleges claims for negligence against Lax (Count I), vicarious liability against Golden State (Count II), negligent hiring and retention against Golden State (Count III), negligent training against Golden State (Count IV), and negligent entrustment against Golden State (Count V).

Fred Semke is identified by Defendants as an accident reconstruction expert. *See* ECF No. 58-3. Mr. Semke seeks to testify regarding the cause of the collision and the relative

---

[1] Plaintiff has not filed a reply memorandum in support of her motion, but the time for filing such a memorandum has expired.

1

positions and speeds of the vehicles leading up to the collision. Mr. Semke also has created a simulation based upon his analysis.

## II. DISCUSSION

### A. Legal Standard

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

A district court acts as a "gatekeeper" when screening expert testimony for relevance and reliability. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993); *Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012). To satisfy the reliability requirement, the party offering the expert testimony "must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006)). To satisfy the relevance requirement, the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue. *Id.* A court is entitled to substantial discretion in determining whether expert testimony should be allowed. "There is no single requirement for admissibility as long as the proffer indicates that the expert evidence is reliable and relevant." *Russell*, 702 F.3d at 456-57 (quotation omitted). "An expert's opinion should be excluded only if that opinion is so fundamentally unsupported that it can offer no assistance to the jury." *Synergetics, Inc. v. Hurst*,

477 F.3d 949, 956 (8th Cir. 2007) (internal quotation marks and citation omitted); *see also Minn. Supply Co. v. Raymond Corp.*, 472 F.3d 524, 544 (8th Cir. 2006) (quotation omitted). Doubt regarding "whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Id.* (citation and internal quotation omitted). "'The exclusion of an expert's opinion is proper only if it is so fundamentally unsupported that it can offer no assistance to the jury.'" *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 448 (8th Cir. 2008) (quoting *Wood v. Minn. Mining & Mfg. Co.*, 112 F.3d 306, 309 (8th Cir. 1997)).

**B.     Motion to Strike Fred Semke**

Bailey argues that Mr. Semke failed to consider certain factual evidence prior to forming his opinion. Specifically, Bailey claims that Mr. Semke did not consider the foggy conditions and that he did not review the depositions of Defendant David Lax or Plaintiff Heather Bailey. (ECF No. 55 at 2). Bailey also claims that Mr. Semke's methodology is flawed. (ECF No. 55 at 2-3). Bailey contends that her car was facing southwest when the tractor trailer hit it, but Mr. Semke's methodology "purports to be certain that Ms. Bailey could not have gotten to the location where the collision occurred by turning from the left hand lane (the 'passing lane') of southbound Highway 67." (ECF No. 55 at 2-3). Bailey faults Mr. Semke for failing to consider Bailey's version of the accident. (ECF No. 55 at 3). Bailey also maintains that Mr. Semke failed to provide the data points he used to create his simulation so that Bailey could assess whether those data points are valid or reasonable. (ECF No. 55 at 4). In sum, Bailey argues that the jury would be prejudiced by hearing the purported expert testimony of Mr. Semke, who relied on "hand-picked 'facts'" and "is unwilling to admit that he has made several large assumptions to create the data points he needed to complete his simulation." (ECF No. 55 at 4).

In response, Defendants assert that Mr. Semke's report and testimony provide reliable expert testimony. Defendants note that Mr. Semke has reviewed Lax's and Bailey's testimony

since he was deposed and confirmed that their testimony does not alter his opinions. (ECF No. 58 at 2). Defendants further contend that Mr. Semke did not cherry pick evidence to support his claim. Rather, they assert that Mr. Semke "relied on significant physical evidence gathered from the inspection of the vehicles, his inspection of the scene, measurements and data from the vehicles, and his mathematical calculations." (ECF No. 58 at 4). Mr. Semke testified that he considers depositions to be secondary to the objective physical evidence, particularly the engine control module downloaded from Lax's truck. (ECF No. 58 at 4). Defendants further argue that Bailey's retained expert, William Hamilton, can attempt to rebut Mr. Semke's opinions. Although Bailey criticized Mr. Semke for not reviewing Bailey's deposition testimony and the foggy weather conditions, Mr. Hamilton also did not review Ms. Bailey's deposition, did not gather any information from Bailey, and did not take fog into account in his calculations. (ECF No. 58 at 5). Additionally, Defendants maintain that Mr. Semke produced all utilized data at his deposition and it was properly disclosed. Defendants explain that Mr. Semke's simulation is not used for analysis, but is a visual depiction of the opinions expressed in his report. Thus, Defendants contend that the simulation is simply an exhibit used to summarize the opinions contained in his report. (ECF No. 58 at 6). Defendants state that this simulation was timely disclosed on August 25, 2015 in accordance with the Court's scheduling order. (ECF No. 58 at 7-8). Finally, Defendants note that Bailey never requested any information under Fed. R. Civ. P. 37 after receiving Mr. Semke's simulation, despite Mr. Semke offering to provide additional data regarding his simulation exhibit. (ECF No. 58 at 9).

The Court holds that Mr. Semke can testify as an expert in this case. The parties do not dispute that Mr. Semke is qualified as an accident reconstruction expert. However, the parties disagree regarding the methods used by Mr. Semke to formulate his opinions and the simulation created by Mr. Semke to express those opinions. First, the Court finds that Mr. Semke has

4

provided an adequate factual basis for his opinions. Bailey's disagreement with the interpretation of those facts or weighing of those facts is not a basis for disqualifying Mr. Semke as an expert. *Cf. J.B. Hunt Transp., Inc. v. Gen. Motors Corp.*, 243 F.3d 441, 444 (8th Cir. 2001) (expert properly excluded where he conceded he had insufficient evidence to completely reconstruct the accident as he theorized). The Court further notes that Bailey has identified her own accident reconstruction expert. Bailey's expert will be able to critique Mr. Semke's factual basis for his opinions. *See Children's Broad. Corp. v. Walt Disney Co.*, 357 F.3d 860, 867 (8th Cir. 2004) (finding no error in allowing an expert to testify where the expert was qualified to testify as an expert, and the defendants had an opportunity to cross-examine him, present evidence to rebut his testimony, and argue in summation all of the inadequacies of the expert's qualifications, credibility, methodology, and opinions). While the Court is charged as a "gatekeeper" to exclude unhelpful and unreliable expert testimony, "'[i]t is decidedly the jury's role to evaluate the weight to be given to the testimony of dueling qualified experts.'" *ABT Sys., LLC v. Emerson Elec. Co.*, 4:11CV00374 AGF, 2013 WL 490174, at *1 (E.D. Mo. Feb. 8, 2013)(quoting *Uniloc ESA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1306 (Fed. Cir. 2011)). Likewise, Bailey's counsel can cross-examine Mr. Semke regarding his opinions, particularly whether he considered all of the facts. Finally, the Court holds that Mr. Semke has produced and/or made available the data and information he relied upon to create the simulator. Therefore, the Court finds no basis for striking the expert Fred Semke.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion in Limine to Strike the Expert Testimony of Fred Semke (ECF No. 54) is **DENIED**.

Dated this 12th day of August, 2016.

                                                                  RONNIE L. WHITE
                                                                  UNITED STATES DISTRICT JUDGE